**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay (SBN #270796)
Charles H. Linehan (SBN #307439)
Pavithra Rajesh (SBN #323055)
1925 Century Park East, Suite 2100
Los Angeles, California, 90067
Telephone: (310) 201-9150
Fax: (310) 201-9160
Email: rprongay@glancylaw.com
Email: clinehan@glancylaw.com
Email: prajesh@glancylaw.com

*Liaison Counsel for Plaintiff and the Class*

[Additional Counsel on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JOSEPH TAMRAZ, JR., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>REDDIT, INC., STEVEN HUFFMAN, ANDREW VOLLERO, and JENNIFER WONG,<br><br>Defendants. | Case No. 3:25-cv-05144-JD<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT<br><br><u>CLASS ACTION</u><br><br>JURY TRIAL DEMANDED<br><br>Judge: Hon. James Donato<br>Date: May 21, 2026<br>Time: 11:00 a.m.<br>Courtroom: 11 |

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

**TABLE OF CONTENTS**

I.    INTRODUCTION ..................................................................................................1

II.   FACTUAL BACKGROUND.................................................................................1

      A.    Reddit's Business.............................................................................................1

      B.    Google's AI Overviews ...................................................................................2

III.  ARGUMENT..........................................................................................................2

      A.    The SAC Adequately Pleads That Defendants Made Material
            Misrepresentations ..........................................................................................3

            1.    Defendants Misled Investors Concerning the Impact of Google's AI
                  Overviews on Reddit's Business ................................................................3

            2.    Defendants' Truth on the Market Defense Fails.........................................6

      B.    Plaintiff Adequately Alleges Scienter................................................................7

            1.    Core Operations Establishes Strong Inference of Scienter .........................8

            2.    Defendants Knew or Had Access to Contrary Information ......................10

            3.    The Inference of Scienter Is At Least As Compelling as
                  Defendants' Suggested Inference .............................................................12

      C.    Plaintiff Adequately Alleges Loss Causation .......................................................13

            1.    The May 1 Earnings Call and May 2 Deutsche Bank Reports are
                  Corrective Disclosures ..............................................................................14

            2.    The May 19 Wells Fargo and May 20 Baird Analyst Reports are
                  Corrective Disclosures ..............................................................................14

      D.    Plaintiff Adequately Alleges Control Person Liability.........................................15

IV.   CONCLUSION.......................................................................................................15

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*AMI – Gov't Emps. Provident Fund Mgmt. Co. Ltd. v. Alphabet Inc.*,
2025 WL 899959 (N.D. Cal. Mar. 24, 2025)................................................................9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)................................................................3

*Azar v. Yelp, Inc.*,
2018 WL 6182756 (N.D. Cal. Nov. 27, 2018) ................................................................10

*Basic Inc. v. Levinson*,
485 U.S. 224 (1988)................................................................7

*Berson v. Applied Signal Tech., Inc.*,
527 F.3d 982 (9th Cir. 2008) ................................................................10, 11

*Blake v. Canoo Inc.*,
2025 WL 2992263 (C.D. Cal. Oct. 22, 2025)................................................................10

*Bos. Ret. Sys. v. Uber Techs., Inc.*,
2020 WL 4569846 (N.D. Cal. Aug. 7, 2020) ................................................................7

*Connecticut Ret. Plans & Tr. Funds v. Amgen Inc.*,
660 F.3d 1170 (9th Cir. 2011) ................................................................7

*Constr. Laborers Pension Tr. of Greater St. Louis v. Funko Inc*,
166 F.4th 805 (9th Cir. 2026) ................................................................9

*Dolly v. GitLab Inc.*,
2025 WL 2372965 (N.D. Cal. Aug. 14, 2025) ................................................................12

*Dura Pharm., Inc. v. Broudo*,
544 U.S. 336 (2005)................................................................3, 14

*Ganino v. Citizens Utilities Co.*,
228 F.3d 154 (2d Cir. 2000)................................................................7

*Glazer Cap. Mgmt., L.P. v. Forescout Techs., Inc.,*

63 F.4th 747 (9th Cir. 2023) ....................................................................................................8

*Hatamian v. Advanced Micro Devices, Inc.,*

87 F. Supp. 3d 1149 (N.D. Cal. 2015) ......................................................................................5

*In re Amgen Inc. Sec. Litig.,*

544 F. Supp. 2d 1009 (C.D. Cal. 2008) ....................................................................................7

*In re Amgen Sec. Litig.,*

2014 WL 12585809 (C.D. Cal. Aug. 4, 2014)........................................................................15

*In re Apollo Grp., Inc. Sec. Litig.,*

2010 WL 5927988 (9th Cir. June 23, 2010) ...........................................................................15

*In re Apple Computer Sec. Litig.,*

886 F.2d 1109 (9th Cir. 1989) ..................................................................................................7

*In re BofI Holding, Inc. Sec. Litig.,*

2017 WL 2257980 (S.D. Cal. May 23, 2017)..........................................................................16

*In re Fibrogen, Inc.,*

2022 WL 2793032 (N.D. Cal. July 15, 2022)..........................................................................14

*In re Gilead Scis. Sec. Litig.,*

536 F.3d 1049 (9th Cir. 2008) ............................................................................................3, 14

*In re Montage Tech. Grp. Ltd. Sec. Litig.,*

78 F. Supp. 3d 1215 (N.D. Cal. 2015) ....................................................................................10

*In re PG&E Corp. Sec. Litig.,*

2025 WL 2781745 (N.D. Cal. Sept. 30, 2025) ........................................................................10

In re Quality Sys., Inc. Sec. Litig.,

865 F.3d 1130 (9th Cir. 2017) ................................................................................................12

*In re Thoratec Corp. Sec. Litig.,*

2006 WL 1305226 (N.D. Cal. May 11, 2006)...........................................................................7

*In re VeriFone Holdings, Inc. Sec. Litig.,*

704 F.3d 694 (9th Cir. 2012) ..............................................................................................8, 13

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

*In re Zoom Sec. Litig.*,

    2022 WL 484974 (N.D. Cal. Feb. 16, 2022) ...............................................................................8, 14

*Institutional Investors Grp. v. Avaya, Inc.*,

    564 F.3d 242 (3d Cir. 2009) ...............................................................................14

*In re BofI Holdings, Inc. Sec. Litig.*,

    977 F.3d 781 (9th Cir. 2020) ...............................................................................14, 15

*Khoja v. Orexigen Therapeutics, Inc.*,

    899 F.3d 988 (9th Cir. 2018) ...............................................................................3

*Lloyd v. CVB Fin. Corp.*,

    811 F.3d 1200 (9th Cir. 2016) ...............................................................................14

*Lopez v. Smith*,

    203 F.3d 1122 (9th Cir. 2000) ...............................................................................15

*Matrixx Initiatives, Inc. v. Siracusano*,

    563 U.S. 27 (2011) ...............................................................................4

*McGovney v. Aerohive Networks, Inc.*,

    2019 WL 8137143 (N.D. Cal. Aug. 7, 2019) ...............................................................................6

*Miller v. Thane Int'l, Inc.*,

    519 F.3d 879 (9th Cir. 2008) ...............................................................................7

*MSP Recovery Claims, Series LLC v. Actelion Pharms. US, Inc.*,

    2024 WL 3408221 (N.D. Cal. July 12, 2024) ...............................................................................3

*New Mexico State Inv. Council v. Ernst & Young LLP*,

    641 F.3d 1089 (9th Cir. 2011) ...............................................................................13

*Nursing Home Pension Fund, Loc. 144 v. Oracle Corp.*,

    380 F.3d 1226 (9th Cir. 2004) ...............................................................................11

*Ohio Pub. Emps. Ret. Sys. v. Meta Platforms, Inc.*,

    2024 WL 4353049 ...............................................................................11

*Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*,

    575 U.S. 175 (2015) ...............................................................................4, 8

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

*Osher v. JNI Corp.*,

    183 F. App'x 604 (9th Cir. 2006) ....................................................................................15

*Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc.*,

    759 F.3d 1051 (9th Cir. 2014) .......................................................................................12

*Prodanova v. H.C. Wainwright & Co., LLC*,

    993 F.3d 1097 (9th Cir. 2021) .........................................................................................9

*Roberti v. OSI Sys., Inc.*,

    2015 WL 1985562 (C.D. Cal. Feb. 27, 2015)................................................................11

*S. Ferry LP, No. 2 v. Killinger*,

    542 F.3d 776 (9th Cir. 2008) .........................................................................................13

*S.E.C. v. Platforms Wireless Int'l Corp.*,

    559 F. Supp. 2d 1091 (S.D. Cal. 2008)..........................................................................11

Sec. & Exch. Comm'n v. Life Wealth Mgmt., Inc.,

    2012 WL 12919299 (C.D. Cal. Nov. 9, 2012)................................................................8

*Shenwick v. Twitter, Inc.*,

    282 F. Supp. 3d 1115 (N.D. Cal. 2017) ........................................................................11

*Sneed v. AcelRx Pharms., Inc.*,

    2023 WL 4412164 (N.D. Cal. July 7, 2023).....................................................................7

Steamfitters Local 449 v. Extreme Networks, Inc.,

    2026 WL 817221 (N.D. Cal. Mar. 23, 2026)..................................................................10

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,

    551 U.S. 308 (2007)................................................................................................3, 8, 13

*Turocy v. El Pollo Loco Holdings, Inc.*,

    2016 WL 4056209 (C.D. Cal. July 25, 2016)..................................................................5

*Vess v. Ciba-Geigy Corp. USA*,

    317 F.3d 1097 (9th Cir. 2003) .........................................................................................4

*York Cnty. on Behalf of Cnty. of York Ret. Fund v. HP Inc.*,

    738 F. Supp. 3d 1182 (N.D. Cal. 2024) ...........................................................................5

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

*Zucco Partners, LLC v. Digimarc Corp.*,

   552 F.3d 981 (9th Cir. 2009) ........................................................................................8

**<u>Statutes</u>**

15 U.S.C. § 78u-4(b)(1)(B)...........................................................................................3

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

## I.    INTRODUCTION

Defendants Reddit Inc. ("Reddit" or the "Company"), CEO Steven Huffman, CFO Andrew Vollero, and COO Jennifer Wong misled investors throughout the Class Period (October 29, 2024, to May 20, 2025) by mischaracterizing and downplaying the effect of Google's AI Overviews on Reddit's ability to grow its revenues and profits. Reddit received around 40 percent of its traffic from Google searches, and it depended on this traffic to grow its user base and advertising revenue.

In 2024, Google began significantly changing its search results page by including an artificial intelligence ("AI") summary of information pulled from relevant search results at the top of the page. Analysts and investors peppered Defendants with questions concerning the effect this change would have on Reddit's business. Despite Reddit's slowing user growth, Defendants insisted that the changes were mere "volatility" that happens "all the time" and claimed Reddit had "zero concern" about the effect of Google's changes on Reddit because there was "no" long-term risk. Through a series of corrective disclosures, investors learned the truth: AI Overviews was decreasing click-throughs from Google by nearly 50 percent, threatening Reddit's user and revenue growth. Reddit's share price fell from $216.47 in February 2025 to $95.85 at the end of the Class Period as analysts downgraded the stock.

Plaintiffs adequately allege each element of securities fraud, and the Court should deny Defendants' Motion (ECF 50, the "Motion").

## II.    FACTUAL BACKGROUND

### A.    Reddit's Business

Reddit is a social media platform and forum-style website where users share and discuss content through posts and comments, organized into communities called subreddits. ¶15.[1] Reddit's earnings report for first quarter of 2025 showed that $358.6 million out of a total of $392.4 million, or about 91%, of revenue came from advertising. ¶16. Reddit receives about 40% of its traffic from Google. ¶34. Reddit's valuation is largely based on its expected ability to convert logged-out users (most of which come from Google) to registered users. ¶18.

---

[1]    Unless otherwise stated, all paragraph ("¶") references are to Plaintiff's Amended Class Action Complaint for Violations of the Federal Securities Laws ("AC"), and all internal citations and quotations are omitted.

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

**B.      Google's AI Overviews**

In February 2024, Reddit announced that it had entered into agreement to allow Google would be able to use Reddit's data to train its large language model ("LLM") AI system. ¶20. The deal paid Reddit $60 million per year. *Id*. Later in 2024, Google began implementing AI Overviews, a feature in Google search that provides a generative AI summary of information pulled from search results at the very top of the page. ¶¶22-23. AI Overviews allows users to find the answer to their search query directly on Google without needing to click through to any external website. ¶23.

Pew Research Center found that Google Search users were less likely to click on a link when they encounter search pages with AI summaries. ¶27. When a search page had an AI summary, users clicked on a link from the AI summary 1% of the time and clicked on a link from the search results 8% of the time. *Id*. On pages without an AI summary, 15% of users clicked on a link from the search results. *Id*. Other studies showed that outbound clicks from Google were 30-40% lower in AI Overviews compared to traditional search results. ¶59.

As a result of AI Overviews, through the first quarter of 2025, Reddit's daily active user (DAU) growth slowed for three consecutive quarters and undershot expectations in three of four quarters. ¶¶48; ECF 50-16.

**III.      ARGUMENT**

Courts assess Rule 12(b)(6) motions by considering the complaint[2] in its entirety, "accept[ing] all factual allegations . . . as true" and construing them in the light most favorable to plaintiff. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A complaint should not be dismissed if it contains a "sufficient factual matter [that], accepted as true, 'state[s] a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts must be mindful that "a district court ruling on a motion to dismiss is not sitting as a trier of fact" and

---

[2] Defendants ask that the Court take judicial notice of certain documents. ECF 50-2. To the extent the Court takes notice of these documents, it may only take notice of the fact that statements in those documents were made, and any attempt by Defendants to use these exhibits to defeat Plaintiffs' adequately pled claims is improper and highly discouraged by the Ninth Circuit. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (recognizing a "concerning pattern in securities cases" by defendants to improperly exploit judicial notice "to defeat what would otherwise constitute adequately stated claims at the pleading stage").

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

"[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1057 (9th Cir. 2008).

A plaintiff asserting claims asserted under Section 10(b) of the Exchange Act must plead six elements: a misrepresentation or omission of material fact, scienter, a connection with the purchase or sale of a security, reliance, economic loss, and loss causation. *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 341–42 (2005). Defendants challenge only falsity, scienter, and loss causation.[3]

### A. The SAC Adequately Pleads That Defendants Made Material Misrepresentations

To plead falsity under the PSLRA, a plaintiff must "specify each statement [or omission] alleged to have been misleading [and] the reason or reasons why the statement [or omission] is misleading." 15 U.S.C. § 78u-4(b)(1)(B). The allegations must identify who made the allegedly misleading statements and what statements were misleading, state where and when the statements were made, and explain why the statements were misleading. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

"Disclosure [of material information] is required… when necessary 'to make… statements made, in the light of the circumstances under which they were made, not misleading.'" *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 44 (2011). "[L]iteral accuracy is not enough: An issuer must as well desist from misleading investors by saying one thing and holding back another." *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 575 U.S. 175, 192 (2015).

The AC meets these criteria and adequately pleads falsity.

#### 1. Defendants Misled Investors Concerning the Impact of Google's AI Overviews on Reddit's Business

As investors and analysts became increasingly worried about the negative effects of AI Overviews on Reddit's growth, Defendants repeatedly mischaracterized the changes and

---

[3] Defendants improperly attach an 11-page exhibit (ECF 50-1) that makes legal arguments concerning whether each of the alleged misrepresentations is actionable. The Court should disregard this end-run around the Court's page limits. *See, e.g., MSP Recovery Claims, Series LLC v. Actelion Pharms. US, Inc.*, 2024 WL 3408221, at *5 (N.D. Cal. July 12, 2024).

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

misleadingly downplayed the impact. Confronted by concerns from investors and analysts, Defendants sought to ease these concerns by minimizing the AI Overviews as normal fluctuations that occur "all the time.". ¶33 (Huffman stating, "So you'll never hear us celebrate or complain about an algorithm change here."). Defendants also repeatedly referred to the decrease in traffic as "volatility." ¶35 ("there's volatility in that traffic" and "yes, volatility on the logged out users"); ¶38 ("we did experience some volatility from Google Search triggered by a periodic algorithm change").; ¶42 ("we see volatility from Google all the time as does everybody"); Huffman also stated that "[w]hat happened wasn't unusual. Referrals from search fluctuate from time to time . . . ." ¶38; *see also* ¶43 ("Look, these changes happen. They actually happen all the time I'd say ballpark, twice a year, not the first, not the last").

These statements misled investors by creating the false impression that AI Overviews was a mere routine tweak to Google's search algorithm. Rather, AI Overviews was part of a fundamental change in how users search the internet in the age of large language models. Defendants misled investors by conflating changes to Google's search algorithm with its implementation of AI Overviews. Google's constantly evolving search algorithm determines the order of the search results displayed to the user. AI Overviews, in contrast, synthesize information from multiple sources to answer a search query directly on Google Search without needing to click through to any external website. As Deutsche Bank noted, "while some of this slowdown is due to Google algorithm changes, the bigger impact seems to be from AI features being built into Google's search product which may be narrowing the need to traverse to Reddit's site." ¶52; ECF 50-16.

Google's implementation of AI Overviews was also not normal "volatility" or "fluctuation." It was a significant change to Google's search results landing page that materially decreased traffic to Reddit. A study by Pew Research showed that users were nearly twice as likely to click on a link from traditional search results as from an AI Overviews landing page. ¶27. Another study showed outbound clicks from Google were 30-40% lower in AI Overviews than traditional search results. ¶59. But, despite repeated questions from analysts and investors, Defendants never disclosed this lower click-through rate or explained its effect on Reddit's traffic or future growth. *See, e.g.*, *Hatamian v. Advanced Micro Devices, Inc.*, 87 F. Supp. 3d 1149, 1154 (N.D. Cal. 2015)

("Defendants continued to downplay the existence and effects of the yield problem during a subsequent earnings call with analysts in October of 2011, although they admitted that there had been some issues with yield that had impacted revenues to that point, maintained that AMD was working with its foundry partner, GF, to solve the yield problems").

Further, while Reddit has no control over Google's changes to its search algorithm, Reddit affirmatively entered into the data licensing agreement with Google that allowed Google to train its AI on Reddit's data and display that data on Google's search results. *C.f. York Cnty. on Behalf of Cnty. of York Ret. Fund v. HP Inc.*, 738 F. Supp. 3d 1182, 1212 (N.D. Cal. 2024), *motion to certify appeal granted,* 2024 WL 4831889 (N.D. Cal. June 3, 2024) (finding the defendants' "repeated references to currency and competitive pricing as the primary causes of decline were materially misleading to a reasonable investor. Currency rates and pricing decisions by competitors are temporary problems outside of HP's control. The acceleration scheme, in contrast, was within Defendants' control.").[4]

Defendants also misled investors by asserting that Google users using the word "Reddit" in their Google searches demonstrated that AI Overviews would not negatively impact Reddit. On October 29, 2024, in response to an investor asking, "how much should we worry about Google diverting traffic in the future," Huffman stated that "Reddit is the sixth most searched word on Google in the U.S. this year. And so those are people literally typing the word Reddit into Google. So they know they're going to end up on it. They're using, in this case, Google to navigate Reddit." ¶¶30-31. On February 12, 2025, Huffman downplayed Reddit's reduced search from Google during the 4th quarter, stating that "we saw a corresponding increase in the query term Reddit, which suggests users are searching with the specific intent of reaching Reddit and this propensity continues to rise." ¶38; *see also* ¶43 (in response to analyst question concerning AI Overviews' effect on Reddit's engagement or revenue, Huffman again downplayed the effect by stating: "We

---

[4] The Motion mistakenly relies on inapposite cases concerning omissions, not downplaying of risks. Motion at 9; *see Turocy v. El Pollo Loco Holdings, Inc.*, 2016 WL 4056209, at *10 (C.D. Cal. July 25, 2016) (alleged omitted fact was not "at odds with the state of affairs Defendants presented to investors"); *McGovney v. Aerohive Networks, Inc.*, 2019 WL 8137143, at *11 (N.D. Cal. Aug. 7, 2019) (allegation of omission of high turnover fails because it was disclosed).

did see an increase in the query term 'Reddit' in our own search dashboard, which says that kind of despite what happens on the Google side, Internet consumers broadly want to end up on Reddit."). These statements misled investors because Google users using the term "Reddit" no longer meant that "they know they're going to end up on it" because those users were now being served Reddit content on Google's search results page and increasingly did not click through to visit Reddit. ¶¶27, 36, 46, 58-59. Defendants assert that "Plaintiff pleads no basis for falsity other than its own *ipse dixit*". Motion at 10. Defendants ignore the well-documented allegation that AI Overviews made Google users significantly less likely to click through to Reddit. ¶59 (study noting that "outbound clicks from Google ~30-40% lower in AI Overviews vs. traditional search results").

### 2.  Defendants' Truth on the Market Defense Fails

Defendants claim that the alleged misstatements are not actionable because the risks of changes to Google's search engine to Reddit were "widely recognized even before the start of the Class Period." Motion at 3; Exs. 4-7. This truth on the market defense fails at the pleading stage. "[T]o avoid liability under this theory, 'any material information which insiders fail to disclose must be transmitted to the public with a degree of intensity and credibility sufficient to effectively counterbalance any misleading impression created by the insiders' one-sided representations.'" *In re Amgen Inc. Sec. Litig.*, 544 F. Supp. 2d 1009, 1025 (C.D. Cal. 2008) (quoting *In re Apple Computer Sec. Litig.*, 886 F.2d 1109, 1116 (9th Cir. 1989)). "As a general rule, the truth-on-the-market defense is intensely fact-specific, so courts rarely dismiss a complaint on this basis." *Id*. Defendants make no attempt to satisfy their heavy burden to show any such information was conveyed with the necessary degree of intensity and credibility sufficient to counter-balance Defendants' misstatements. *See Sneed v. AcelRx Pharms., Inc.*, 2023 WL 4412164, at *6 (N.D. Cal. July 7, 2023).

The court's holding in *Bos. Ret. Sys. v. Uber Techs., Inc.*, 2020 WL 4569846, at *6 (N.D. Cal. Aug. 7, 2020), rejecting the defendants' truth on the market defense, is instructive. The defendants in Uber attached 26 articles to their motion to dismiss in an attempt to show that "the market was on notice about the risks of investing in it." *Id*. The court rejected this defense, noting that "it is not available at the motion to dismiss stage" because it is an attack on materiality that "is

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

a matter for trial". *Id*. (citing *In re Thoratec Corp. Sec. Litig.*, 2006 WL 1305226, at *4 (N.D. Cal. May 11, 2006) and *Connecticut Ret. Plans & Tr. Funds v. Amgen Inc.*, 660 F.3d 1170, 1177 (9th Cir. 2011) and quoting *Basic Inc. v. Levinson*, 485 U.S. 224, 249 (1988); *see also Ganino v. Citizens Utilities Co.*, 228 F.3d 154, 167 (2d Cir. 2000) ("The truth-on-the-market defense is intensely fact-specific and is rarely an appropriate basis for dismissing a § 10(b) complaint for failure to plead materiality."). Further, "investors are not generally required to look beyond a given document to discover what is true and what is not." *Uber*, 2020 WL 4569846, at *6 (quoting *Miller v. Thane Int'l, Inc.*, 519 F.3d 879, 887 (9th Cir. 2008)). The same should hold here.

Finally, Defendants' citations to risk disclosures in Reddit's SEC filings are similarly unavailing. Motion at 3. Defendants explicitly disavowed those risk warnings in their comments to investors and analysts. ¶42 (in response to analyst question about Google's changes being problematic for Reddit, Huffman stated "there's zero concern from us in this department"); ¶50 (Huffman stated that LLMs evolving search on the internet poses no long-term threat to Reddit). Even if these statements were opinions, they would still be actionable because they did not "fairly align" with information Defendants possessed at the time they made the statements. *Glazer Cap. Mgmt., L.P. v. Forescout Techs., Inc.*, 63 F.4th 747, 764 (9th Cir. 2023) ("These concrete assurances did not 'fairly align[ ] with the information in [defendant's] possession at the time' and are therefore actionable") (quoting *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 575 U.S. 175, 188-89 (2015)). Defendants assert that Defendants "did not downplay or deny risk in any way," but the Motion fails to address these alleged misstatements. Motion at 8. Further, to the extent the Motion asserts these statements are inactionable puffery (Motion at 11), such argument fails because a CEO stating that the Company has "zero concern" over an obvious risk is material to investors. *See, e.g.*, *Sec. & Exch. Comm'n v. Life Wealth Mgmt., Inc.*, 2012 WL 12919299, at *5 (C.D. Cal. Nov. 9, 2012) (rejecting argument that the defendant's statement that he had "no concern" regarding the risk of an investment is non-actionable puffery).

**B.      Plaintiff Adequately Alleges Scienter**

To adequately plead scienter, a complaint must "allege that the defendants made false or misleading statements either intentionally or with deliberate recklessness." *In re Zoom Sec. Litig.*,

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

2022 WL 484974, at *2 (N.D. Cal. Feb. 16, 2022) (Donato, J.) (quoting *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 991 (9th Cir. 2009). The "inquiry . . . is whether all of the facts alleged, taken collectively, give rise to a strong inference of scienter, not whether any individual allegation, scrutinized in isolation, meets that standard." *Tellabs,* 551 U.S. at 322– 23. A "strong inference" is raised when "a reasonable person would deem the inference of scienter cogent and at least as compelling as any plausible opposing inference" of nonfraudulent intent. *Id.* at 310. The scienter inference "need not be irrefutable . . . or even the most plausible," and no "smoking-gun" is required. *Id.* at 324–26.

Crucially, Defendants fail to offer any competing non-fraudulent inference. Instead of identifying any plausible innocent explanation, Defendants improperly seek to "attack individual allegations in isolation," which "cannot overcome the overwhelming evidence drawn from a holistic view." *In re VeriFone Holdings, Inc. Sec. Litig.*, 704 F.3d 694, 710 (9th Cir. 2012).

### 1.   Core Operations Establishes Strong Inference of Scienter

"The core operations theory . . . presumes that 'corporate officers have knowledge of the critical core operation of their companies." *Prodanova v. H.C. Wainwright & Co., LLC*, 993 F.3d 1097, 1111 (9th Cir. 2021).  "Core operations allegations support a strong inference of scienter in three circumstances: "(1) when they, along with other allegations, support a cogent and compelling inference of scienter" as part of a court's holistic review of a plaintiff's allegation; "(2) when [the allegations] are themselves particular and suggest that the defendants had actual access to the disputed information; and (3) in the 'rare circumstances' when [the allegations] are not particularized, but 'the nature of the relevant fact is of such prominence that it would be absurd to suggest that management was without knowledge of the matter.'"*Constr. Laborers Pension Tr. of Greater St. Louis v. Funko Inc*, 166 F.4th 805, 831 (9th Cir. 2026) (quoting *Prodanova*, 993 F.3d at 1111).

Here, it would be absurd to suggest that Huffman, Vollero, and Wong were unaware of the materially reduced click-through rate caused by Google's implementation of AI Overviews. Reddit earns over 90% of its revenue from advertising, and it depends on traffic to generate advertising revenue. ¶16. At least 40% of Reddit's traffic comes from Google. ¶34. Reddit's valuation is based

- 8 -

in large part on its ability to attract logged-out users and convert them to logged-in users. ¶¶18-19. Most of Reddit's logged-out traffic comes from Google, which means the Company is dependent on traffic from Google for its growth. ¶¶25, 43, 45, 66. See *Constr. Laborers Pension Tr. of Greater St. Louis v. Funko Inc*, 166 F.4th 805, 832 (9th Cir. 2026) (reversing dismissal, in part, and finding the complaint adequately alleged scienter under core operations doctrine because the company's "business model, its ability to effectively manage inventory was critical to its business operations, and a rational fact finder could find that it would be absurd for [the company's] CEO or CFO not to have closely monitored the company's management of its inventory"). Reddit allows Google to train its AI on Reddit's data – for which Google pays Reddit $60 million per year.

The incoming traffic from Google to Reddit was all well-known facts to Reddit's management because it determined the fate of the Company. *See AMI – Gov't Emps. Provident Fund Mgmt. Co. Ltd. v. Alphabet Inc.*, 2025 WL 899959, at *6 (N.D. Cal. Mar. 24, 2025) ("Because the FAN Agreement was 'existential' to Google in 2017, it is a fair inference that the CEO of Google—who admits that he reviews 'at a high level [ ] all the important decisions' Google makes—would have been aware of the basic terms of the FAN Agreement at the time it was being negotiated."). Courts have found a strong inference of scienter based on the core operations theory in less obvious situations. *See Berson v. Applied Signal Tech., Inc.*, 527 F.3d 982, 987, 989 (9th Cir. 2008) (finding it "hard to believe that [the CEO and CFO] would not have known about stop-work orders that allegedly halted tens of millions of dollars of the company's work"); *Steamfitters Local 449 v. Extreme Networks, Inc.*, 2026 WL 817221, at *14 (N.D. Cal. Mar. 23, 2026) (magnitude of revenue loss coupled with allegations that defendants reviewed real-time databases sufficient to invoke core operations doctrine); *Blake v. Canoo Inc.*, 2025 WL 2992263, at *16 (C.D. Cal. Oct. 22, 2025) (core operations pled where "allegations regarding the importance of the engineering services pipeline to Canoo's three-pronged, phased go-to-market strategy, it would be absurd to suggest that the Individual Defendants, Kranz, Balciunas, and Aquila, were not aware of the collapse of the pipeline in December 2020"); *In re PG&E Corp. Sec. Litig.*, 2025 WL 2781745, at *21 (N.D. Cal. Sept. 30, 2025) ("the Officer Defendants must have known of a prominent issue like wildfire regulatory violations that would expose PG&E to severe financial penalties and

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

potentially threaten its viability as a going concern"); *Azar v. Yelp, Inc.*, 2018 WL 6182756, at *20 (N.D. Cal. Nov. 27, 2018) (allegations showing that local advertising program was "a central component of Yelp's operations" and was "prominent enough that it would be absurd to suggest that top management was unaware of the" adverse facts); *In re Montage Tech. Grp. Ltd. Sec. Litig.*, 78 F. Supp. 3d 1215, 1227 (N.D. Cal. 2015) ("it would be absurd to suggest" that management did not know their largest distributor was a related party, where their transactions accounted for 71% of the company's revenue).

In short, the impact of losing a significant amount of traffic from Google was "prominent enough that it would be absurd to suggest that top management was without knowledge of the matter." *Berson v. Applied Signal Tech., Inc.*, 527 F.3d 982, 989 (9th Cir. 2008).[5]

### 2.  Defendants Knew or Had Access to Contrary Information

"The most direct way to show both that a statement was false when made and that the party making the statement knew that it was false is via contemporaneous reports or data, available to the party, which contradict the statement." *Nursing Home Pension Fund, Loc. 144 v. Oracle Corp.*, 380 F.3d 1226, 1230 (9th Cir. 2004). In the Ninth Circuit, "an assertion that defendants were unaware of the alleged issues can be 'directly contradicted by the fact that [they] specifically addressed it in [their] statement[s].'" *Roberti v. OSI Sys., Inc.*, 2015 WL 1985562, at *12 (C.D. Cal. Feb. 27, 2015). "By making 'detailed factual statement [s], contradicting important data to which [the Individual Defendants] had access, a strong inference arises that [they] knowingly misled the public as to its clear meaning.'" *Id.*; *see also Ohio Pub. Emps. Ret. Sys. v. Meta Platforms, Inc.*, 2024 WL 4353049, at *18 (N.D. Cal. Sept. 30, 2024 ()Defendants Zuckerberg, Newton, and Davis publicly and directly addressed the research on Instagram's harm to young users, suggesting that they had access to the relevant information); *Shenwick v. Twitter, Inc.*, 282 F. Supp. 3d 1115, 1147 (N.D. Cal. 2017) (scienter adequately pleaded where core operations allegations were accompanied by defendant's statements about DAU that "strongly imply that he had access to the disputed information").

The Complaint details that Huffman and Wong each provided detailed statements

---

[5] The SAC adequately alleges scienter against Sable because "[t]he scienter of a corporation can be imputed from that of its officers." *S.E.C. v. Platforms Wireless Int'l Corp.*, 559 F. Supp. 2d 1091, 1096 (S.D. Cal. 2008).

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

concerning Reddit's traffic from Google, its importance to the Company, and Google's implementation of AI Overviews. ¶¶24, 26, 31-35, 38-40, 42-43, 49-51, 65-68. Huffman also stated that he monitors Reddit's "search dashboard" showing the provenance of incoming traffic. ¶43.

The individual defendants' knowledge of Reddit's traffic from Google is corroborated by two confidential witnesses ("CWs"). CW 1, a senior data scientist at Reddit, stated that Reddit's internal metrics, including DAUq, were available to senior employees to view via a dashboard in a platform called Hex. ¶69. Hex allowed employees to see the volume of traffic coming to Reddit from Google as compared to other platforms. *Id*. CW 2, a sales manager at Reddit, stated that sales managers were provided with a Google Slides presentation outlining Reddit's talking points about the impact of Google's AI Overviews. ¶70. The deck instructed sales managers to tell clients that users entering "Reddit" into Google Searches would ultimately click through to Reddit because they're "not looking for non-human answers" and "want to see what real people are talking about." *Id*. Sales managers and representatives would risk getting "docked points" in their evaluations if they failed to repeat the slide. *Id*;

Defendants' attempt to ignore the CW allegations fails. In *In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1145 (9th Cir. 2017), the Ninth Circuit reversed dismissal, in part, and found a strong inference of scienter pled where "statements by confidential witnesses establish that members of executive-level management, including individual defendants, had access to and used reports documenting in real time the decline in sales during the Class Period." The cases cited in the Motion are inapposite. Motion at 12; *Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc.*, 759 F.3d 1051, 1063 (9th Cir. 2014) (witnesses did not detail contents of reports); Even if Individual Defendants had knowledge of all of the company's operations, Plaintiff has not identified any particularized facts that Individual Defendants knew that would undermine the truth of any challenged statement. *Dolly v. GitLab Inc.*, 2025 WL 2372965, at *14 (N.D. Cal. Aug. 14, 2025).

Defendants were also fully aware that the Company's data licensing agreement with Google allowed Google to display Reddit's data on Google's search result page. *See, e.g.*, ECF 50-11 at 9 (Huffman commenting on data licensing deal with Google, stating "we're very considerate in the deals about what our data is used for, how it's displayed"). Indeed, The May 19 Wells Fargo analyst

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

report stated that Reddit's decision to enter into the licensing agreement was short-sighted and ultimately hurt the Company's long-term growth. ¶¶54-55; ECF 50-19 at 1.

### 3. The Inference of Scienter Is At Least As Compelling as Defendants' Suggested Inference

The SAC pleads a strong inference of scienter. However, even if each individual scienter allegations are insufficient, the Court must "conduct a 'holistic' review of the same allegations to determine whether the insufficient allegations combine to create a strong inference of intentional conduct or deliberate recklessness." *New Mexico State Inv. Council v. Ernst & Young LLP*, 641 F.3d 1089, 1095 (9th Cir. 2011) (reversing dismissal and finding a strong inference of scienter). The holistic review must consider even "[v]ague or ambiguous allegations" because "federal courts certainly need not close their eyes to circumstances that are probative of scienter viewed with a practical and common-sense perspective." *S. Ferry LP, No. 2 v. Killinger*, 542 F.3d 776, 784 (9th Cir. 2008). "[T]he court's job is not to scrutinize each allegation in isolation but to assess all the allegations holistically." *Tellabs*, 551 U.S. at 326. "Viewed in isolation, any one allegation may not compel an inference of scienter. However, when we consider the allegations holistically, the inference that [defendants] were deliberately reckless as to the truth of their financial reports and related public statements is at least as compelling as any opposing inference." *VeriFone*, 704 F.3d at 698–99 (reversing dismissal and finding scienter).

Defendants assert that Defendants "repeatedly warned investors about Google update risks" and "addressed specific Google updates during their earnings calls, providing real-time information to investors." Motion at 14. But that's not accurate. Instead, Defendants explicitly disavowed the Company's own risk warnings in their comments to investors and analysts. ¶42 (in response to analyst question about Google's changes being problematic for Reddit, Huffman stated "there's zero concern from us in this department"); ¶50 (Huffman stated that LLMs evolving search on the internet poses no long-term threat to Reddit). During the Class Period, Defendants never addressed the fact that AI Overviews materially reduced the click-through rate for Google users and never acknowledged the effect this change would have on the Company's growth or revenue. Analysts and investors were obviously concerned about these issues, as evidenced by their repeated questions

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

on the topic, but Defendants always downplayed these concerns as normal volatility and fluctuations that "happen all the time."

Defendants' constant downplaying of the effect of AI Overviews in response to specific questions from analysts and investors contributes to a strong inference of scienter. *See Institutional Investors Grp. v. Avaya, Inc.*, 564 F.3d 242, 270 (3d Cir. 2009) ("Given the specificity and repetition of the analysts' questions, [defendant's] position as Chief Financial Officer, and the alleged state of [the company's] business at the time the questions were asked, there is a strong inference that [defendant's] behavior reached this threshold of recklessness."); *In re Fibrogen, Inc.*, 2022 WL 2793032, at *24 (N.D. Cal. July 15, 2022) ("Such specific answers to specific questions regarding the non-inferiority margin and analysis plans suggest that Defendants knew their importance yet consciously attempted to give a favorable impression while hiding their manipulation and unfavorable analyses").

### C.    Plaintiff Adequately Alleges Loss Causation

To plead loss causation, the Supreme Court simply requires "some indication of the loss and the causal connection" to the alleged fraud. *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005). "One way to prove loss causation is to show that the defendant's fraud was revealed to the market through one or more 'corrective disclosures' and that the company's stock price declined as a result. At the pleading stage, the plaintiff's task is to allege with particularity facts 'plausibly suggesting' that both showings can be made." *In re Zoom Sec. Litig.*, 2022 WL 484974, at *4 (N.D. Cal. Feb. 16, 2022) (Donato, J.) (quoting *In re BofI Holdings, Inc. Sec. Litig.*, 977 F.3d 781, 786, 791 (9th Cir. 2020)).

"[S]o long as the complaint alleges facts that, if taken as true, plausibly establish loss causation, a Rule 12(b)(6) dismissal is inappropriate." *In re Gilead*, 536 F.3d at 1057. In fact, "[t]he misrepresentation need not be the sole reason for the decline in value of the securities, but it must be a 'substantial cause.'" Id. at 1055. A corrective disclosure need not be a mirror image of the earlier representation. *In re BofI Holding, Inc. Sec. Litig.*, 977 F.3d 781, 791 n.3 (9th Cir. 2020). "The ultimate issue is whether the defendant's misstatement, as opposed to some other fact,

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

foreseeably caused the plaintiff's loss." *Lloyd v. CVB Fin. Corp.*, 811 F.3d 1200, 1210 (9th Cir. 2016).

The Complaint alleges that each of the alleged corrective disclosures are directly tied to the alleged misstatements and omissions. The Motion fails to undermine these allegations[6].

### 1. The May 1 Earnings Call and May 2 Deutsche Bank Reports are Corrective Disclosures

On the May 1, 2025, earnings call, in response to a question about the effect of Google's changes on Reddit's user growth, Defendants disclosed that the changes to Google's search had caused disappointing DAUq growth for Reddit in April 2025. This disclosure corrected Defendants' misleading statements on the October 2024 and February 2025 earnings calls downplaying any concerns about Google's changes affecting Reddit. "[A] corrective disclosure need not consist of an admission of fraud by the defendant or a formal finding of fraud by a government agency." *In re BofI Holding, Inc. Sec. Litig.*, 977 F.3d 781, 790 (9th Cir. 2020). The market did not react to Reddit's general "poor financial health" (Motion at 14-15); it reacted to corrective information concerning the effect of Google's search changes on Reddit's traffic.

The May 2 Deutsche Bank report disclosed that "While some of this slowdown is due to Google algorithm changes, the bigger impact seems to be from AI features being built into Google's search product which may be narrowing the need to traverse to Reddit's site." This corrected Defendants' repeated conflation of changes to Google's search algorithm with Google's implementation of AI Overviews. Reddit's share price fell from $118.79 on May 1, 2025, to $113.83 on May 2, 2025, a decline of about 4.2%. ¶53.

### 2. The May 19 Wells Fargo and May 20 Baird Analyst Reports are Corrective Disclosures

The May 19 Wells Fargo downgrade and May 20 Baird downgrade both corrected Defendants' misleading statements downplaying the effect of AI Overviews on Reddit's growth and revenue. Wells Fargo disclosed that, contrary to Defendants' assertions, "the recent user disruptions Reddit observed in March / April are different from prior periodic search algorithm changes" and "pos[e] serious threats to Reddit's logged-out traffic." ¶¶54-55. The Baird report

---

[6] The Motion does not challenge the February 12, 2025, corrective disclosure. ¶44.

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

disclosed that "outbound clicks from Google ~30-40% lower in AI Overviews vs. traditional search results." ¶59.

The Motion asserts that these reports were merely "repackaging of already-publicly available information," (Motion at 15), but Defendants fail to identify what information was already public. Further, analyst downgrades in the aftermath of public reporting can serve as corrective disclosures because they provide "additional or more authoritative fraud-related information that deflated the stock price." *In re Apollo Grp., Inc. Sec. Litig.*, 2010 WL 5927988, at *1 (9th Cir. June 23, 2010).

### D.    Plaintiff Adequately Alleges Control Person Liability

Plaintiff has adequately pleaded control person liability under Section 20(a) by alleging primary violations and that Defendants were in positions of control. ¶¶21-23; *see In re BofI Holding, Inc. Sec. Litig.*, 2017 WL 2257980, at *21 (S.D. Cal. May 23, 2017).

## IV.    CONCLUSION

The Motion should be denied in its entirety. Alternatively, if the Court grants any portion of the Motion, Plaintiff respectfully requests leave to amend.[7]

Dated: March 30, 2026                    **THE ROSEN LAW FIRM, P.A.**

*/s/ Daniel Tyre-Karp*
Daniel Tyre-Karp (pro hac vice)
Laurence M. Rosen
275 Madison Ave., 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: dtyrekarp@rosenlegal.com
         lmrosen@rosenlegal.com

Lead Counsel for Plaintiff

---

[7] *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (holding that leave to amend should be freely granted unless "the pleading could not possibly be cured by the allegation of other facts"); *Osher v. JNI Corp.*, 183 F. App'x 604, 605 (9th Cir. 2006) ("[l]eave to amend is to be granted with extreme liberality in securities fraud cases, because the heightened pleading requirements imposed by the PSLRA are so difficult to meet").