STEPHEN P. BLAKE (SBN 260069)
sblake@stblaw.com
LAURA K. LIN (SBN 281542)
laura.lin@stblaw.com
SARAH G. FORBES (SBN 347635)
sarah.forbes@stblaw.com
SIMPSON THACHER & BARTLETT LLP
One Market Plaza, Suite 3800
San Francisco, California 94105
Telephone: (415) 426-7210
Facsimile: (415) 426-7301

JONATHAN K. YOUNGWOOD (SBN 350373)
jyoungwood@stblaw.com
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Attorneys for Defendants Reddit, Inc., Steven Huffman, Andrew Vollero, and Jennifer Wong*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JOSEPH TAMRAZ, JR., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>REDDIT, INC., STEVEN HUFFMAN, ANDREW VOLLERO, and JENNIFER WONG,<br><br>Defendants. | Case No. 3:25-cv-05144-JD<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS LEAD PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>Judge: Hon. James Donato<br><br>Date: May 21, 2026<br>Time: 11:00 a.m.<br>Courtroom: 11 |

## <u>TABLE OF CONTENTS</u>

Page

INTRODUCTION..................................................................................................................1

ARGUMENT .......................................................................................................................2

    I.    PLAINTIFF DOES NOT PLEAD AN ACTIONABLE MISREPRESENTATION .............................................................................2

        A.    The Statements About General and Specific Q4 Google Updates Are Inactionable .....................................................................2

        B.    The Statements About Google Searchers Seeking Reddit Are Inactionable ...................................................................................4

        C.    Defendants' Motion Does Not Rely Upon a "Truth on the Market Defense" ...................................................................................5

    II.    PLAINTIFF FAILS TO PLEAD A STRONG INFERENCE OF SCIENTER...............................................................................................6

        A.    Plaintiff's "Core Operations" Theory Fails.......................................7

        B.    Defendants Did Not "Know Or Have Access To" Contrary Information....................................................................................8

        C.    The Balance of Inferences Supports a Finding of No Scienter ...................9

    III.    PLAINTIFF FAILS TO PLEAD LOSS CAUSATION.........................................9

    IV.    PLAINTIFF FAILS TO STATE A CLAIM UNDER SECTION 20(A) ..............10

CONCLUSION ...................................................................................................................10

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*AMI – Gov't Emps. Provident Fund Mgmt. Co. v. Alphabet Inc.*,
    2025 WL 899959 (N.D. Cal. Mar. 24, 2025) ................................................................. 7

*Berson v. Applied Signal Tech., Inc.*,
    527 F.3d 982 (9th Cir. 2008) ........................................................................................ 7

*Brody v. Transitional Hosps. Corp.*,
    280 F.3d 997 (9th Cir. 2002) ........................................................................................ 5

*Construction Laborers Pension Trust of Greater St. Louis v. Funko Inc.*,
    166 F.4th 805 (9th Cir. 2026) ....................................................................................... 8

*Dolly v. GitLab Inc.*,
    2025 WL 2372965 (N.D. Cal. Aug. 14, 2025) ............................................................. 9

*Fleming v. Impax Lab'ys Inc.*,
    2018 WL 4616291 (N.D. Cal. Sept. 7, 2018) ............................................................... 5

*Glazer Cap. Mgmt., L.P. v. Forescout Techs., Inc.*,
    63 F.4th 747 (9th Cir. 2023) ......................................................................................... 6

*Graves v. AECOM*,
    2017 WL 5502774 (C.D. Cal. June 19, 2017) ............................................................ 10

*Hampton v. Aqua Metals, Inc.*,
    2020 WL 6710096 (N.D. Cal. Nov. 16, 2020) ............................................................. 6

*Hatamian v. Advanced Micro Devices, Inc.*,
    87 F. Supp. 3d 1149 (N.D. Cal. 2015) .......................................................................... 4

*Hayes v. Enphase Energy, Inc.*,
    2025 WL 986469 (N.D. Cal. Mar. 31, 2025) ............................................................... 1

*In re Apollo Grp., Inc. Sec. Litig.*,
    2010 WL 5927988 (9th Cir. June 23, 2010) ............................................................... 10

*In re Daou Sys. Inc. Sec. Litig.*,
    411 F.3d 1006 (9th Cir. 2005) ....................................................................................... 3

*In re Fibrogen, Inc., Sec. Litig.*,
    2022 WL 2793032 (N.D. Cal. July 15, 2022) .............................................................. 9

*In re Kalobios Pharms., Inc. Sec. Litig.*,
    258 F. Supp. 3d 999 (N.D. Cal. 2017) .......................................................................... 5

*In re PG&E Corp. Sec. Litig.*,
    806 F. Supp. 3d 962 (N.D. Cal. 2025) .......................................................................... 8

*In re SentinelOne, Inc. Sec. Litig.*,
    2025 WL 2807321 (N.D. Cal. Oct. 2, 2025) ................................................................ 9

- ii -

*In re Synchrony Fin. Sec. Litig.*,
  988 F.3d 157 (2d Cir. 2021) ................................................................................................ 6

*Institutional Invs. Grp. v. Avaya, Inc.*,
  564 F.3d 242 (3d Cir. 2009) ................................................................................................ 9

*Mangino v. LUCID Grp., Inc.*,
  2022 U.S. Dist. LEXIS 179157 (N.D. Cal. Sep. 30, 2022) ................................................. 1

*Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc.*,
  2012 WL 1868874 (N.D. Cal. May 22, 2012) ..................................................................... 8

*Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc.*,
  759 F.3d 1051 (9th Cir. 2014) ......................................................................................... 6, 9

*Prodanova v. H.C. Wainwright & Co., LLC*,
  993 F.3d 1097 (9th Cir. 2021) ............................................................................................. 7

*SEB Inv. Mgmt. AB v. Align Tech., Inc.*,
  485 F. Supp. 3d 1113 (N.D. Cal. 2020) .............................................................................. 3

*Sec. & Exch. Comm'n v. Life Wealth Mgmt., Inc.*,
  2012 WL 12919299 (C.D. Cal. Nov. 9, 2012) .................................................................... 6

*Sneed v. Talphera, Inc.*,
  147 F.4th 1123 (9th Cir. 2025) ........................................................................................... 5

*Steamfitters Local 449 Pension & Ret. Sec. Funds v. Extreme Networks, Inc.*,
  2026 WL 817221 (N.D. Cal. Mar. 23, 2026) ...................................................................... 8

*Tyler v. Travelers Com. Ins. Co.*,
  499 F. Supp. 3d 693 (N.D. Cal. 2020) ................................................................................ 1

*York Cnty. ex rel. Cnty. of York Ret. Fund v. HP Inc.*,
  738 F. Supp. 3d 1182 (N.D. Cal. 2024) .............................................................................. 4

*Zucco Partners, LLC v. Digimarc Corp.*,
  552 F.3d 981 (9th Cir. 2009) .............................................................................................. 7

REDDIT'S REPLY ISO MOTION TO DISMISS          NO. 3:25-CV-05144-JD

# **INTRODUCTION**

Defendants' opening brief (Dkt. 50; "Motion" or "Mot.")[1] carefully analyzed each statement quoted by Plaintiff and demonstrated that none is actionable. *See id.* § I; Dkt. 50-1 ("Ex. A").[2] Plaintiff largely ignores these arguments and does not bother to address Defendants' points that:

- block-quoted alleged misstatements and lumped-together falsity allegations do not satisfy the pleading standards of the PSLRA (Mot. § I.A);

- accurate earnings reports and quarterly forecasts are inactionable (*id.* § I.B);

- the AC fails to state with particularity *how* any of the challenged statements concerning general Google changes *or* Q4 Algorithm Updates "downplayed" the effect of such changes (*id.* §§ I.C.2-3);

- portions of the challenged statements concerning addressable market opportunities for growth and ARPU, or statements consisting of corporate optimism and/or puffery, are inactionable (*id.* § I.D);

- Plaintiff fails to allege motive and opportunity or circumstantial evidence of scienter (*id.* §§ II.A-B); and

- the alleged corrective disclosures do not correct misinformation with respect to the challenged statements because they reported on new information, and the cited portions of the analyst reports are opinion statements. *Id.* § III.

Failing to address these arguments even in passing, Plaintiff concedes them.[3]

Instead, Plaintiff weaves a new generalized narrative of "downplay[ing]" AI risks and catastrophizing developments which bear little connection to Reddit's actual disclosures or reported results. Plaintiff now claims for the first time that Defendants repeatedly failed to answer "specific" questions about the effect of AI Overviews on Reddit, which in turn rendered their statements regarding a *different topic*—the effect of Google algorithm changes, both generally and as to its Q4 Algorithm Changes—"misleading."[4] *E.g.*, Opp. at 4, 5, 12-13. Plaintiff also argues that statements

---

[1]  Abbreviations shall have the meaning defined in the Motion.

[2]  Plaintiff attacks Ex. A as "improper." Dkt. 51 ("Opp.") at n.3. But this Court has ordered parties to file charts like Ex. A as attachments "for the sake of clarity and efficient case management[.]" *Hayes v. Enphase Energy, Inc.*, 2025 WL 986469, at *3 (N.D. Cal. Mar. 31, 2025) (Donato, J.); *see also, e.g.*, *Mangino v. LUCID Grp., Inc.*, 2022 U.S. Dist. LEXIS 179157, at *5 (N.D. Cal. Sep. 30, 2022) (Donato, J.).

[3]  *See, e.g.*, *Tyler v. Travelers Com. Ins. Co.*, 499 F. Supp. 3d 693, 701 (N.D. Cal. 2020) ("Plaintiff concedes these arguments by failing to address them in her opposition.").

[4]  AI Overviews is a Google search feature that provides AI-generated responses to user queries. AC ¶ 23. "[C]hanges in Google Search's algorithm," which include a specific Google algorithm change that occurred in December 2024 (the "Q4 Algorithm Update"), and "*features like* AI Overview[s]" (*id.* ¶ 28) (emphasis added) are distinct concepts.

REDDIT'S REPLY ISO MOTION TO DISMISS                    NO. 3:25-cv-05144-JD

by Defendants commenting on Google volatility generally, Reddit's recovery from a Google Q4 Algorithm Update, and a Q4 2024 increase in the number of Google users adding "Reddit" to the end of their search queries failed to highlight the impact of AI Overviews on Reddit's search traffic. But Plaintiff's account requires the Court to ignore the context of Defendants' statements, the allegations as pled, Reddit's existing AI-related disclosures, how Reddit performed in the wake of the challenged statements (indeed, there is no evidence of the "materially reduced" click-through rate Plaintiff cites; at most, there was a slight dip in DAUq *growth* in Q1 2025), and to imagine the contents of confidential witness ("CW") reports and assume that Reddit had access to detailed information enabling it to prognosticate about Google's AI implementation plans. No matter Plaintiff's posturing, Defendants' statements were straightforward recognitions of the effect of Google changes, inactionable opinion/puffery, factual recitations of financial or other key performance data (which itself cannot support Plaintiff's allegations), or are otherwise inactionable for the reasons described in Ex. A. Accordingly, Plaintiff's previously unpled theories all fail.

**ARGUMENT**

## I.    PLAINTIFF DOES NOT PLEAD AN ACTIONABLE MISREPRESENTATION

### A.    The Statements About General and Specific Q4 Google Updates Are Inactionable

Defendants' Motion established that Reddit's statements concerning both Google changes generally and the effects of a specific Google Q4 Algorithm Update on Reddit were not misleading but instead measured acknowledgements of Google's impact on Reddit traffic, accompanied by true statements regarding a Q4 2024 dip and Q1 2025 recovery in Reddit's search traffic (AC ¶ 42). *See* Mot. § I.C; Ex. A. Unable to stand by its original allegations on reply, Plaintiff now portrays Defendants' responses to specific questions as "minimiz[ing]" the effect of AI Overviews on Reddit. Opp. at 4. This new argument also fails.

Plaintiff cites portions of five challenged statements to suggest Defendants "downplay[ed]" the effect of AI Overviews in response to "confront[ation]" by investors and analysts, "creating the false impression that AI Overviews was a mere routine tweak to Google's search algorithm" and "conflat[ing] changes to Google's search algorithm with its implementation of AI Overviews." *Id.*

- 2 -

at 3-5, citing AC ¶¶ 33, 35, 38, 42, 43. The questions and statements themselves show Defendants did nothing of the sort.[5] The statements identified by Plaintiff in the Opposition did not downplay Google's potential impact on Reddit—which was repeatedly acknowledged by Reddit and is the subject of an explicit risk factor—nor did *any* questions about Google relate to AI Overviews or a lower click-through rate from AI. *See, e.g.*, Ex. A at 9 ("What exactly did Google change in the algorithm? . . . [H]ow do you get . . . confidence that future changes are not going to be more problematic than this one?"); *id.* at 11 ("[Y]ou mentioned sort of some insights or some changes in Google Search algorithm [sic] [in Q4 2024]. Would love to hear any thoughts on what the change was. Was there any impact to engagement, maybe revenue?").[6] Plaintiff cannot "emphasize" portions of a statement while "ignoring the context" of the question posed. *SEB Inv. Mgmt. AB v. Align Tech., Inc.*, 485 F. Supp. 3d 1113, 1126 (N.D. Cal. 2020).

Plaintiff also points to three *post hoc* sources—the May 2 Deutsche Bank Report, a Pew Research Study conducted in March and April 2025, and the May 20 Baird Report—to make a fraud-by-hindsight argument that Defendants should have known in October 2024 and February 2025 that Google's accelerating AI rollout was not just a source of "volatility" but represented a fundamental shift for Reddit. Opp. at 4; AC ¶¶ 27, 52, 59. This type of Monday-morning quarterbacking is impermissible in the securities fraud context. *See In re Daou Sys. Inc. Sec. Litig.*, 411 F.3d 1006, 1021 (9th Cir. 2005) ("Congress enacted the PSLRA to put an end to . . . pleading fraud by hindsight.") (cleaned up). And Reddit's actual performance further eviscerates Plaintiff's theory: it outperformed revenue projections in Q4 2024 and Q1 2025, beat market expectations for DAUq in Q1, and only narrowly missed market expectations for DAUq in Q4. *See* Mot. at 4-5.

In addition, the reports Plaintiff cites undermine its point: each of Plaintiff's three sources discusses the impact of AI Overviews *months after* the October 2024 and February 2025 remarks, at a time when AI was rapidly evolving. The Deutsche Bank Report specifically discusses the effect

---

[5] Plaintiff has now clarified that it does not allege that Defendants made "omissions"—only that Defendants "downplay[ed] . . . risks[.]" *Id.* at 5 n.4.

[6] The absence of analyst questions regarding AI impact is further evidence that Google's rollout of AI Overviews was not a focal point until later in 2025. Plaintiff repeatedly conflates remarks addressing observable volatility from Q4 Algorithm Changes with the growing prominence of AI Overviews in the spring of 2025.

of AI on Reddit's *Q2* 2025 DAUq (Mot. § III.B; *infra* § III); the Pew Study was not conducted until March and April 2025, and the results of the study concerning a lower "click-through" rate attributable to AI Overviews was not published until July 2025;[7] and Plaintiff does not explain the provenance of the data cited in the May 20 Baird Report (issued after the challenged statements), or why Defendants would have had access to that data in October 2024 and February 2025.[8]

**B.    The Statements About Google Searchers Seeking Reddit Are Inactionable**

As established at Motion § I.C.3, Plaintiff failed to plead any basis for the allegation that Huffman's statements were misleading when he said that an increase in the query term "Reddit" reflected searchers' intent to end up on Reddit.  Plaintiff now pivots, arguing that Huffman's statements at AC ¶¶ 30-31, 38, and 43 downplayed that Googlers who added "Reddit" to the end of their search queries could view Reddit content in AI Overviews without navigating to Reddit.

This new approach fails.  Plaintiff alleges Huffman's statements at AC ¶¶ 30-31, 38, 43 are misleading in their totality, but the data cited by Huffman in his statements about an increase in the query term "Reddit" is verifiably true.[9]  Further, Huffman's statement in AC ¶ 43 was distinctly *not* (as the Opposition claims) "[i]n response to [a] question concerning AI Overviews[]."[10]  And, critically, Plaintiff still presents no allegations to show users were adding "Reddit" to their search

---

[7]  *See* Declaration of Stephen Blake in Further Support of the Mot., Exs. 22-23 (Athena Chapekis, et al., *What Web Browsing Data Tells Us About How AI Appears Online*, Pew Research Center, (May 23, 2025), https://www.pewresearch.org/wp-content/uploads/sites/20/2025/05/pl_2025.05.23_metered-data-ai_report.pdf; Athena Chapekis & Anna Lieb, *Google Users Are Less Likely to Click on Links When an AI Summary Appears in the Results*, Pew Research Center, (July 22, 2025), https://www.pewresearch.org/short-reads/2025/07/22/google-users-are-less-likely-to-click-on-links-when-an-ai-summary-appears-in-the-results/).  These studies are referenced in the AC (*see id.* ¶ 27) and are incorporated by reference.  *See* Dkt. 50-2 (Request for Judicial Notice) at 2-3, 5-6.

[8]  Plaintiff's sole case on "downplaying," *Hatamian v. Advanced Micro Devices, Inc.*, is inapposite. 87 F. Supp. 3d 1149, 1154 (N.D. Cal. 2015).  There, the "downplay[ing]" statements directly discussed that which was downplayed: yield.

Plaintiff also insinuates that Reddit had information about the effect of AI Overviews, or that this information was somehow "within Defendants' control," by virtue of the Reddit-Google licensing agreement.  Opp. at 5 (citing *York Cnty. ex rel. Cnty. of York Ret. Fund v. HP Inc.*, 738 F. Supp. 3d 1182, 1212 (N.D. Cal. 2024)).  But there is not one allegation in the AC indicating Reddit received any non-public information from Google regarding AI Overviews by virtue of that agreement.

[9]  Plaintiff ignores the other reasons these statements are inactionable.  *See* Ex. A at 1, 4, 11.

[10]  *See* Ex. A at 11 (Question: "[Y]ou mentioned *sort of some insights or some changes in Google Search algorithm* [sic]. Would love to hear *any thoughts on what the change was*. Was there any impact to engagement, maybe revenue?") (emphasis added).

- 4 -

queries without "the specific intent of reaching Reddit," or that Huffman believed otherwise. AC ¶¶ 30-31, 38, 43; *Fleming v. Impax Lab'ys Inc.*, 2018 WL 4616291, at *5 (N.D. Cal. Sept. 7, 2018) (no falsity in absence of facts demonstrating "[d]efendants 'did not hold the belief [they] professed and that the belief is objectively untrue.'" (citations omitted)); *Brody v. Transitional Hosps. Corp.*, 280 F.3d 997, 1006 (9th Cir. 2002) (in order for a statement to be misleading, "it must affirmatively create an impression of a state of affairs that differs in a material way from the one that actually exists." (cleaned up)).

### C.    Defendants' Motion Does Not Rely Upon a "Truth on the Market Defense"

Reddit proactively disclosed risks associated with Google changes before the Class Period and within the challenged misstatements.[11] The Court should consider Reddit's disclosures because the entirety of a defendant's statements, in context, are relevant to the threshold inquiry of whether any material misstatement occurred. Mot. at 8; *Sneed v. Talphera, Inc.*, 147 F.4th 1123, 1132-33 (9th Cir. 2025).

Recognizing that viewing the alleged misstatements in the context of all relevant disclosures would be fatal to their theory, Plaintiff now argues that Defendants assert a "truth on the market" defense. Opp. at 6-7. Not so. A "truth on the market" defense refers typically to *third-party* statements that informed the market of whatever relevant information was needed to "effectively counterbalance any misleading impression created by the [alleged misrepresentations]." *In re Kalobios Pharms., Inc. Sec. Litig.*, 258 F. Supp. 3d 999, 1008 (N.D. Cal. 2017) (analyzing widespread media reporting counteracting alleged misstatements). "Truth on the market" is not the appropriate lens to analyze a defendant's *own* contemporaneous statements. Rather, reading Reddit's statements and disclosures in full is appropriate at the motion to dismiss stage to prevent

---

[11] *See, e.g.*, Mot. at 3-4 ("Redditors may choose to find information using LLMs instead of visiting Reddit directly"; "[s]ome users are also turning to LLMs such as Gemini"; "[c]hanges in internet search engine algorithms could have a negative impact on traffic for our website and, ultimately, our business" (cleaned up)); *id.* § I.C ("It's true, the algorithm does kind of give [to] us and take [] away"; "we've seen their algorithm change a lot over the years, and of course, it always will[.] Some [changes] help, some hurt"; "we see volatility from Google all the time" (cleaned up)).

- 5 -

Plaintiff from "cherry pick[ing]" statements "and divorc[ing] them from the universe of disclosed information." *In re Synchrony Fin. Sec. Litig.*, 988 F.3d 157, 171 (2d Cir. 2021) (citation omitted).[12]

Plaintiff also claims Defendants "disavowed" Reddit's risk disclosures via Huffman's statements at AC ¶ 42 (Huffman had "zero concern" about Reddit-Google relationship in wake of Q4 Algorithm Change, *see* Ex. A) and ¶ 50 ("Is there a long-term risk to Reddit here [from LLMs]? . . . [I]n my view, the answer is no.").[13] Opp. at 7. But Plaintiff mischaracterizes Huffman's remark at AC ¶ 50, ignoring that he warned investors to expect "bumps" ahead in the same response and offering no explanation as to how this warning could have misled investors to believe the opposite, particularly in the context of Reddit's other warnings. Mot. at 5; *id.* § I.C.1 & n.8.[14] And Plaintiff identifies no information supporting that Huffman believed his "zero concern" statement was false, or that he had information in February 2025 that AI Overviews *did* pose a concern. The "zero concern" statement is also, despite Plaintiff's assertion otherwise, inactionable puffery.[15]

## II.    PLAINTIFF FAILS TO PLEAD A STRONG INFERENCE OF SCIENTER

The AC's allegations fall far short of the standard required to plead scienter. *See* Mot. § II. Plaintiff's jumbled Opposition does not alter this conclusion because it cannot: there are no specific allegations in support of scienter, no stock sales supporting a motive, and no contrary internal data suggesting Defendants knew any statements were wrong. Instead, Plaintiff asks for extraordinary

---

[12] Defendants cited three articles (Dkts. 50-8–10 (Exs. 5-7 to the Blake Decl. ISO the Mot.)) for the proposition that it was "widely recognized" that "updates by Google may have downstream effects on Reddit traffic," Mot. at 3—a statement echoed by an external source *Plaintiff itself* cited (Dkt. 50-7 (Ex. 4 to the Blake Decl. ISO the Mot.)) and Reddit's own statements.

[13] AC ¶ 50 is not a challenged statement, but if it were, it would be an inactionable opinion.

[14] *Glazer Cap. Mgmt., L.P. v. Forescout Techs., Inc.*, 63 F.4th 747, 764 (9th Cir. 2023) does not help Plaintiff. Opp. at 7. There, the company's "assurances" about its sales pipeline did not "fairly align" with the company's disclosures, based on statements from over 15 knowledgeable CWs that planned deals (the basis of misstatements) were "illusory." Plaintiff here has not provided similar evidence showing that Huffman "knew" or should have known his characterization of the Reddit-Google relationship was incorrect.

[15] *See Hampton v. Aqua Metals, Inc.*, 2020 WL 6710096, at *13 (N.D. Cal. Nov. 16, 2020) ("I don't have a single thing that we're worried about" inactionable puffery); *c.f. Sec. & Exch. Comm'n v. Life Wealth Mgmt., Inc.*, 2012 WL 12919299, at *5 (C.D. Cal. Nov. 9, 2012) ("no concern[]" statement not puffery where plaintiff showed that defendant had "knowledge of the . . . many risks" associated with the subject). The statement is also forward-looking, *see Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc.*, 759 F.3d 1051, 1059 (9th Cir. 2014) (statement that defendant wasn't "hear[ing] anything that causes us any significant concern" forward-looking), and an expression of Huffman's opinion.

inferences inconsistent with its specific pleading obligations.

### A.    Plaintiff's "Core Operations" Theory Fails

Plaintiff primarily argues for application of the so-called "core operations" doctrine, claiming it is "absurd to suggest that [Defendants] were unaware of the materially reduced click-through rate caused by . . . AI Overviews" because a large percentage of Reddit's traffic comes from Google. Opp. at 8-10. These general assertions do not support Plaintiff's proffered inference.

The "core operations" doctrine is a "narrow" theory of scienter, available without pleading particularized facts only "***in the 'rare circumstances'*** [where] 'the nature of the relevant fact is of such prominence ***that it would be absurd to suggest that management was without knowledge of the matter***.'" *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1000 (9th Cir. 2009); *Prodanova v. H.C. Wainwright & Co., LLC*, 993 F.3d 1097, 1111 (9th Cir. 2021) (emphasis added) (citations omitted). But it is not absurd to suggest that Reddit's executives lacked knowledge in late 2024 and early 2025 of how the rollout of AI Overviews—the bleeding-edge technology of a competitor[16]—would affect Reddit's outlook. Nor was the impact of Google algorithm changes or AI Overviews as "prominen[t]" or "existential" in Q4 2024 and Q1 2025 as in the cases Plaintiff cites. Opp. at 10. And the AC contains *no* evidence of what Plaintiffs now spin as a "materially reduced click-through rate," *id.* at 8—indeed, Reddit ***beat*** internal forecasts for revenue in both quarters, only narrowly missed market expectations for DAUq ***growth*** in Q4 2024, and surpassed expectations for the same in Q1 2025 (that is, user engagement ***continued to grow in both quarters***—hardly evidence of a "materially reduced click-through rate"). *See* Mot. at 4-5.

None of the cases Plaintiff cites at Opposition 9-10 concerns a similar scenario; indeed, all concern misstatements related to information about which the Company possessed definitive internal knowledge.[17] *Construction Laborers Pension Trust of Greater St. Louis v. Funko Inc.*, 166

---

[16] *See* Mot. at 3 (citing 10-K at 13, 16, 17).

[17] *See, e.g.*, *AMI – Gov't Emps. Provident Fund Mgmt. Co. v. Alphabet Inc.*, 2025 WL 899959, at *6 (N.D. Cal. Mar. 24, 2025) (executive's scienter assumed as to features of agreement which he reviewed where the subject of the agreement posed an "existential threat" to the company); *Berson v. Applied Signal Tech., Inc.*, 527 F.3d 982, 987-89 (9th Cir. 2008) (assuming executive's knowledge of stop-work orders which "halted tens of millions of dollars of the company's work"); *Steamfitters Local 449 Pension & Ret. Sec. Funds v. Extreme Networks, Inc.*, 2026 WL 817221, at

F.4th 805 (9th Cir. 2026), for example, concerned a company's mismanagement of its **own** inventory and management's implied knowledge of the "chaos" ongoing internally.  There, the company's distribution systems and inventory were so "critical" that scienter could be assumed. *Funko*, 166 F.4th at 831.  This is a far cry from Reddit executives' lack of foreknowledge regarding rapid advancements in Google's AI Overviews.  Application of the doctrine here requires the Court to assume Defendants knew as early as October 2024 and February 2025 that their statements about volatility—which correlated with Q4 Algorithm Changes—were "downplaying" the effect of a competitor's brand-new technology that at the time had no outsized effect on Reddit's traffic or revenue.  *See supra* n.8.

### B.    Defendants Did Not "Know Or Have Access To" Contrary Information

Plaintiff makes the inferential leap that because of Defendants' "detailed statements" concerning traffic and Huffman's access to a "dashboard" showing Google traffic, Defendants "knew or had access to" information contradicting their alleged misstatements.  Opp. at 10-11.

Plaintiff is wrong for at least two reasons.  First, as discussed *supra*, none of the Defendants made "detailed statements concerning . . . Google's implementation of AI Overviews."  *See* Ex. A; *supra* § I.A.  And even if they had, none of the information pled indicates Defendants *did* have access to contrary information.  The AC does not even allege what information the "search dashboard" displayed, nor how it contradicted Defendants' statements that (1) Reddit experienced both Q4 volatility and volatility generally related to Google algorithm changes, or (2) searchers sought to end up on Reddit by adding "Reddit" to their search queries.  Plaintiff simply fails to show Defendants "knew or had access to" contrary information.  *See Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc.*, 2012 WL 1868874, at \*19 (N.D. Cal. May 22, 2012) (particularity requirement not satisfied by "conclusory assertion[s] that Defendants had 'access to, and use of the information' collected by [company's] tracking software") (citations omitted); *id.* ("failure to include any specific internal . . . data [and] particularized allegations about each [d]efendants'

---

\*13-14 (N.D. Cal. Mar. 23, 2026) (scheme created *by the defendants* which "accounted for more than 50% [of the company's] revenues"); *In re PG&E Corp. Sec. Litig.*, 806 F. Supp. 3d 962, 1000 (N.D. Cal. Sept. 30, 2025) (utility's knowledge of its failure to comply with regulations and orders imposed by government, where additional violations posed "existential threat" of billions in liability).  The same proposition applies to the remaining cases cited by Plaintiff.

REDDIT'S REPLY ISO MOTION TO DISMISS                    NO. 3:25-cv-05144-JD

access to [the] data" was "fatal" to core operations theory) (citations omitted).

Second, none of the information the CWs proffer—that executives could view traffic from Google, or that sales managers were told to communicate that users searched with the query "Reddit" because they wanted to end up on Reddit—contradicts Defendants' Class Period statements or indicates they had undisclosed information about specific risks posed by AI Overviews. The cases Plaintiff cites are consistent: here, too, none of the CWs "detail[ed] [the] contents of . . . reports" Defendants allegedly had access to, *Police Ret. Sys. of St. Louis*, 759 F.3d at 1063, nor does Plaintiff "identif[y] particularized facts" Defendants "knew [] would undermine the truth of any challenged statement." Opp. at 11 (citing *Dolly v. GitLab Inc.*, 2025 WL 2372965, at *14 (N.D. Cal. Aug. 14, 2025)).

### C.    The Balance of Inferences Supports a Finding of No Scienter

There is but one cogent explanation for the challenged statements: Defendants made candid disclosures about the rapidly-evolving AI-search ecosystem while remaining optimistic about Reddit's growth prospects. Mot. at 13-14. Plaintiff disagrees, regurgitating arguments already addressed herein: that (i) Defendants "disavowed" their "risk warnings"; (ii) Defendants "never addressed . . . that AI Overviews materially reduced the click-through rate for Google users"; and (iii) Defendants' "downplaying of the effect of AI Overviews in response to specific questions . . . contributes to a strong inference of scienter." Opp. at 12-13. Those arguments are entirely circular, relying on purported falsity to satisfy scienter. *See In re SentinelOne, Inc. Sec. Litig.*, 2025 WL 2807321, at *4 (N.D. Cal. Oct. 2, 2025). Defendants did not disavow their previous disclosures (*supra* § I.C), nor were there "specific questions" about AI Overviews. *See supra* § I.A; Ex. A. And Defendants' candid responses to questions about Google algorithm changes did *not* downplay the effect of AI Overviews. *See id*; *supra* § I.B. Plaintiff's cases—*Institutional Invs. Grp. v. Avaya, Inc.*, 564 F.3d 242, 270 (3d Cir. 2009) and *In re Fibrogen, Inc., Sec. Litig.*, 2022 WL 2793032, at *24 (N.D. Cal. July 15, 2022)—both of which address misstatements in response to "specific[] . . . questions" about the subject of the misstatement—are inapposite.

### III.    PLAINTIFF FAILS TO PLEAD LOSS CAUSATION

Plaintiff fails to overcome the facts that (i) the purported corrective disclosures were not

corrective because they conveyed or reacted to new information, and (ii) the analyst reports were not corrective because they merely aggregated public information.  Mot. at 14-15 & n.11.[18]

Plaintiff *acknowledges* that two of the purported corrective disclosures address new information, quoting the portion of the Wells Fargo Report that makes Defendants' argument: "***[R]ecent*** user disruptions Reddit observed in March/April ***are different from prior periodic search algorithm changes***."  Opp. at 14 (emphasis added).  Plaintiff also concedes that Huffman's May 1 earnings call statements disclosed "disappointing DAUq growth for Reddit in ***April 2025***."  *Id.* (emphasis added).  Even the Deutsche Bank Report, which stated that Reddit faced a "bigger impact" from AI features, expressly established that it addressed Reddit's "***2Q . . . pacing***" for DAUq growth.  AC ¶ 52.

Rather than respond to the foregoing, Plaintiff attacks the general proposition that analyst reports which repackage public information are not corrective, instead arguing that such reports may be corrective where they provide "additional or more authoritative fraud-related information[.]"  Opp. at 15 (citing *In re Apollo Grp., Inc. Sec. Litig.*, 2010 WL 5927988, at *1 (9th Cir. June 23, 2010)); Mot. at 15.  But *Apollo* is inapplicable here, where the information conveyed in the analyst reports was either communicated by the *most* "authoritative" source—Reddit itself— or, as discussed *supra*, was entirely new information.  *See Graves v. AECOM*, 2017 WL 5502774, at *12 (C.D. Cal. June 19, 2017).[19]

## IV.   PLAINTIFF FAILS TO STATE A CLAIM UNDER SECTION 20(A)

Plaintiff's Section 20(a) claim fails without a Section 10(b) violation.  *See* Mot. at 15.

## CONCLUSION

For the reasons discussed above, and in the Motion and Ex. A thereto, Defendants respectfully request that the Court dismiss the AC with prejudice.

---

[18]  Plaintiff ignored Defendants' arguments that the cited portions of the analyst reports were opinion statements, which cannot form the basis of a corrective disclosure.  Mot. § III.B.

[19]  Plaintiff also complains that Defendants did not sufficiently identify what information from the analyst reports was public. Opp. at 15.  That public information includes, at minimum, information disclosed by Huffman in the May 1 earnings call and Apptopia data cited in the Baird report. Plaintiff gives no reason why Baird's republication of the Apptopia data rendered it "more authoritative" or revealed any "fraud-related information."  *See Apollo*, 2010 WL 5927988, at *1.

Dated: April 29, 2026                    By: */s/ Stephen P. Blake*
                                         STEPHEN P. BLAKE (Bar. No. 260069)
                                         sblake@stblaw.com
                                         SIMPSON THACHER & BARTLETT LLP
                                         One Market Plaza, Suite 3800
                                         San Francisco, California 94105
                                         Telephone: (415) 426-7210
                                         Facsimile: (415) 426-7301

                                         *Attorneys for Defendants Reddit, Inc., Steven Huffman,*
                                         *Andrew Vollero, and Jennifer Wong*